IN THE UNITED STATES DISTRICT COURT
                     FOR THE SOUTHERN DISTRICT OF OHIO
                             EASTERN DIVISION

Cinseree Johnson,                :

        Plaintiff,                :

    v.                            :   Case No.  2:09-cv-0364

Athens County Board of           :   JUDGE HOLSCHUH
Elections,

        Defendant.               :

                        REPORT AND RECOMMENDATION

    On May 6, 2009, plaintiff Cinseree Johnson filed a complaint against the Athens County Board of Elections and sought leave to proceed in forma pauperis.  For the following reasons, the Court will grant the application to proceed in forma pauperis and will recommend that the complaint be dismissed as frivolous and for lack of subject matter jurisdiction.

                                    I.

    28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...."  The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved.  See Neitzke v. Williams, 490 U.S. 319 (1989).  A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact.  See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims

describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that the plaintiff's complaint and application for leave to proceed *in forma pauperis* will be considered.

II.

Ms. Johnson has filed this action under 42 U.S.C. §1983. She claims that the Athens County Board of Elections violated her "inalienable right to liberty, the pursuit of happiness and justice as guaranteed by the Declaration of Independence" by "announcing" in local Athens newspapers that she had "picked up petitions" to run for the Athens City Council. Complaint at ¶¶6 and 5. According to Ms. Johnson, the Board also "announced" her candidacy for city council. Id. at ¶5.

After considering these allegations, the Court concludes that Ms. Johnson has failed to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction. Specifically, Ms. Johnson has failed to allege any facts reasonably suggesting that her claim arises under federal law. The complaint does not allege any facts indicating a violation of her due process or any other civil rights by the Athens County Board of Elections. The Court is "not required to accept summary allegations or unwarranted legal conclusions in determining

2

whether a complaint states a claim for relief." <u>Fish v. Murphy</u>, 22 Fed.Appx. 480, 482 (6th Cir. 2001) (citing <u>Lillard v. Shelby County Bd. of Educ.</u>, 76 F.3d 716, 726-27 (6th Cir. 1996). Absent a claim that the defendant violated Ms. Johnson's rights either under some general federal law, or her federal constitutional rights, the Court simply lacks jurisdiction to hear her claim. <u>See</u> 28 U.S.C. §§1331, 1343.

Moreover, if Ms. Johnson is attempting to assert any type of state law claim, a federal court has jurisdiction over state law claims in very limited circumstances. Under 28 U.S.C. §1332(a), federal courts have original jurisdiction of civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. Here, according to the complaint, Ms. Johnson resides in Athens, Ohio and the Athens County Board of Elections is also located there. Consequently, the Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

"Where there is no basis for federal jurisdiction apparent on the face of the complaint, a court may dismiss the action as frivolous and for lack of subject matter jurisdiction under 28 U.S.C. §1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)." <u>Young v. Scharf</u>, 2007 WL 2123767 (S.D. Ohio July 20, 2007) at fn. 1 (citing <u>Carlock v. Williams</u>, 182 F.3d 916 (table), 1999 WL 454880 at *2 (6th Cir. June 22, 1999)). However, such a dismissal is not a bar to refiling the action in state court. <u>Id</u>.

### III.

Based on the foregoing, the request to proceed <u>in forma pauperis</u> is granted. Further, it is recommended that the complaint be dismissed as frivolous and for lack of subject matter jurisdiction, without prejudice to refiling in state

3

court, and that a copy of the complaint, this Report and Recommendation and the Court's dismissal order be mailed to the defendant.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981)


/s/ Terence P. Kemp
United States Magistrate Judge