IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Cinseree Johnson, :

    Plaintiff, :

  v. : Case No. 2:09-cv-0364

Athens County Board of : JUDGE HOLSCHUH
Elections,

    Defendant. :

MEMORANDUM AND ORDER

    On May 14, 2009, the Magistrate Judge issued a Report and Recommendation in this case. It was the Magistrate Judge's conclusion that Ms. Johnson's complaint should be dismissed as frivolous and for lack of subject matter jurisdiction. The Court subsequently adopted that Report and Recommendation over plaintiff's objection. Plaintiff has now filed a motion to vacate that order which, among other things, accuses the Court of hostility toward *pro se* litigants. The Court will not address that contention other than to say that its decisions are grounded in its view of the governing law, rather than the status of the litigants before it. It provides this additional explanation to plaintiff in the hopes that she will understand why her claim that the Athens County Board of Elections violated Ohio law does not state a claim under the due process clause of the United States Constitution.

I.

    As reflected both in the Report and Recommendation and the order adopting that Report, the fundamental problem in this case is plaintiff's failure to identify any federal constitutional violation. Her claim is simply that an agency which is entirely a creature of state law violated

her federal due process rights by failing to follow state law. However, as the Court of Appeals for the Sixth Circuit has repeatedly held,

> It is not every disregard of its regulations [or assurances] by a public agency that gives rise to a cause of action for violation of constitutional rights. Rather, it is only when the agency's disregard of its rules [or assurances] results in a procedure which itself impinges upon due process rights that a federal court should intervene in the decisional processes of state institutions.

Bates v. Sponberg, 547 F.2d 325, 329-30 (6th Cir. 1976); see also Flaim v. Medical College of Ohio, 481 F.3d 629, 640 (6th Cir. 2005). As this Court has recognized,

> Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. Bates v. Sponberg, 547 F.2d 325 (6th Cir. 1976); Ryan v. Aurora City Bd. of Educ., 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result on the constitutionalizing of every state rule, and would not be administrable." Levine v. Torvik, 986 F.2d 1506, 1515 (6th Cir. 1993).

Wills v. Moore, 2008 WL 2323786, *22 (S.D. Ohio June 3, 2008) (Beckwith, J.)

In order to state a claim for relief under the federal due process clause in the context of a state's alleged violation of its own laws or procedures, the injured party must identify some federally recognized interest - such as a liberty or property interest - which is impacted by that state law violation. In Paul v. Davis, 424 U.S. 693, 710 (1976), a case which soundly rejected the notion that every violation of state law by state officials necessarily implicated federal constitutional interests, the Supreme Court described its precedents concerning

2

that issue as follows:

> In each of these cases, as a result of the state action
> complained of, a right or status previously recognized
> by state law was distinctly altered or extinguished. It
> was this alteration, officially removing the interest
> from the recognition and protection previously afforded
> by the State, which we found sufficient to invoke the
> procedural guarantees contained in the Due Process
> Clause of the Fourteenth Amendment.

In <u>Paul</u>, the plaintiff claimed that the state, by publishing a list of shoplifters which included his name, had violated state tort law prohibiting defamation, and thus deprived him of his federal due process rights. The Court rejected that claim because, even assuming the actions of the state violated state law, he had not identified any liberty or property interest in not being defamed that the United States Constitution would protect.

Here, plaintiff's focus is almost exclusively on her claim that the defendant violated state law. She again asserts in her latest motion that "Defendant, under color of law, announced Plaintiffs (sic) candidacy for city council without regard for those laws that govern elections." However, she does not identify any protected liberty or property interest beyond her "right to enter a race within the context of the law that governs elections." As the above cases demonstrate, if that "right" is an entitlement to some procedure created solely by state law – and it clearly is, since a local election involving Athens City Council is at issue here – it is simply not a liberty or property interest recognized by the federal due process clause. <u>Cf. Town of Castle Rock, Colo. v. Gonzales</u>, 545 U.S. 748, 771 (2005) (Breyer, J., concurring) ("the property interest recognized in our cases has always existed *apart from state procedural protection* before the Court has recognized a constitutional claim to protection by federal process") (emphasis supplied). As the

Court of Appeals for the Seventh Circuit has sagely noted, "[a] state ought to follow its law, but to treat a violation of state law as a violation of the Constitution is to make the federal government the enforcer of state law. State rather than federal courts are the appropriate institutions to enforce state rules." <u>Archie v. City of Racine</u>, 847 F.2d 1211, 1217 (7th Cir. 1988).

II.

For the foregoing reasons, plaintiff's complaint does not state a federal constitutional claim, and no amount of amending the complaint can change that result. Consequently, her motion to vacate the Court's dismissal order (#8) is **DENIED**.

**IT IS SO ORDERED**.


Date: June 5, 2009                **/s/ John D. Holschuh**
                                  John D. Holschuh, Judge
                                  United States District Court